FIDELITY & CASUALTY CO. OF NEW YORK v. FISCHER.

(Supreme Court, Appellate Term.   December 11, 1906.)

INSURANCE—PREMIUM—AMOUNT—EVIDENCE—SUFFICIENCY.

In an action by an employers' indemnity insurance company against an insured to recover additional premiums, the amount of the premiums being based on the amount of compensation paid by defendant to his employés during the period covered by the policies, evidence examined and *held* not to sustain judgment for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Fidelity & Casualty Company of New York against Henry C. Fischer.  From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Joab H. Banton, for appellant.

Nadal, Carrere & Jones (Harold S. Recknagel, of counsel), for respondent.

GILDERSLEEVE, J.   Plaintiff brings this action to recover the additional premium claimed to be due upon two policies issued by it to the defendant covering liability for damages on account of injuries received by his employés.   The amount of premiums are based upon the amount of compensation paid by defendant to his employés during the period covered by the policies.   Upon one policy the defendant had paid the sum of $375, based upon a premium rate of $3.75 per $100 of wages paid; and upon the second policy he had paid the sum of $300, based upon a premium rate of $3 per $100 of wages paid.   The plaintiff apparently being dissatisfied with these sums paid, being founded upon statements made by the defendant as to the amounts paid by him as wages aforesaid, asked for and obtained the privilege of examining the defendant's books with a view of ascertaining exactly therefrom the amount paid by defendant to his employés.   Upon such examination the plaintiff's auditor found, which is undisputed, that the books showed no division of the pay roll between men employed as shopmen, and not covered by the policies, and so-called "outside men," or men covered by the policies.   The auditor testifies, however, that he was informed by the bookkeeper that the plaintiff employed an average of 10 outside men during the year, and that such men were paid from $4.50 to $5 per day each.   Upon this information the auditor of plaintiff estimated that the pay roll of the men covered by the first policy amounted to $16,100, which at the premium rate charged would make the sum due on that policy $603.75.   In like manner he estimated that the wage expenditure under the other policy at $13,500, which would make the premium due under that policy, at the rate fixed, the sum of $405, the total amount of premium as claimed by the plaintiff under these estimates being $1,-008.75, upon which it is admitted defendant had paid $675, leaving, as claimed by the plaintiff and for which it had a judgment, the sum of $333.75.

It will be observed that in the plaintiff's computation an average of 10 men per day and a per diem rate of wages at $4.75 per day is fixed, and the estimated amount of wages is placed at $16,100 in one class and $13,500 in the other class. This seems to make no allowance for holidays or other causes, and is a mere arithmetical calculation based upon a statement alleged to have been made by the defendant's bookkeeper to the plaintiff's auditor. On the other hand, the defendant and his bookkeeper both testify substantially, with great positiveness that although there was no separation made in the books between men known as "shop" or "inside" men and those known as "outside" men, yet that they kept an average all the time through the different months of the year; that the men were paid by the hour; that their number did not exceed an average of 10, and their pay did not average over $4 per day; that they worked only 5½ days each week, not at all upon holidays, or on stormy days; and that the amount of wages paid to such men during the entire year would not exceed but little over $8,000, but that in their statements to the plaintiff they had fixed such amount at $10,000 in order to be sure to be well within the correct amount. The evidence in the record is in a somewhat cloudy condition as to many material points, but the foregoing seems to be a fair analysis of it, and from this it will appear that the amount paid by the defendant to the men in his employ covered by the plaintiff's policies, and which must be used as a basis for computing the amount of premium to be due the plaintiff and paid by the defendant, is a matter of much uncertainty, and that the defendant's method of ascertaining the approximately correct amount is much more definite and certain than that employed by the plaintiff. As the determination of this case cannot necessarily be made upon accurate figures, but must largely depend upon the reasonable probabilities to be deduced from the testimony, such probabilities are largely in favor of the defendant's position, and the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.